Your Honor, good morning. Mike Beyer on behalf of the appellant, Debbie Donohue, Your Honor. And I think I'm going to be reasonably brief, but I would like to reserve two minutes, if I may, for rebuttal. I think this case is pretty straightforward in what the issues are. There's two issues before the court. One is whether or not the interest rate charged in the document of February 7, 2008, is usurious, and whether or not the interest rate in the complaint dated or served on January 30, 2008, was usurious. The second issue before the court is whether or not there was a misrepresentation sufficient to violate 1692 E and F, meaning specifically that the attorney who prepared all these documents, and the information was provided by the collection agency, Quick Collect, simply inserted through a computer into these documents, information that represents that the interest rate on the principle of 270.99, as I recall, or 79, was 12% per annum. There is absolutely no calculation that anyone could use this court, or anyone at all, to come up with the interest rate of 12% on the principle of $270.99. Well, I've got a question for you, if I may. Counsel, it seems that the demand misstates the correct, as I understand it, and correct me if I'm wrong, it states the correct total amount that's due, but it may mischaracterize the nature of the debt, because it says something is interest at 12%, when really the figure is the penalty fee for a couple of months that was then assigned plus interest at 12% later. Correct? That is absolutely correct, Your Honor. Okay, so there's a misstatement about the basis for the debt, but the debt amount is correct. That's correct, and that was like... Now, so here's my question. Sorry, it was like a long payload. Should we adopt the rule that the Seventh and Sixth Circuits have adopted that a false statement under the FDCPA, like a deceptive statement, has to have an element of materiality? And if so, you know, is this material, this mischaracterization? Thank you, Your Honor. Your Honor, what would happen then is that those two decisions would fly completely in the face of Hines v. Jenkins. Hines v. Jenkins, the U.S. Supreme Court simply said that the FDCPA applies to attorneys just as well as it does to collection agencies. And in that particular case, they were dealing with the pleadings of the attorneys. And so to, if I understand correctly what you're suggesting here, is that then they have the option at some point in time to amend their pleadings, correct the mistake or the misleading... No, I'm not saying that. Oh, right. What I'm asking is this. I'm willing to assume that the FDCPA applies to a statement from an attorney if it's given to the consumer. But still, Judge Easterbrook in that Seventh Circuit case, followed in the Sixth Circuit, established a rule saying a misstatement has to be material. I understand, Your Honor. So you'd have to, it's not a question of amending. It's a question of whether the misstatement that occurred is material so that there should be liability. Because we either have to apply that test or we have to say we're in a split, we have a different law than the Seventh and Sixth Circuits. You know, we might or might not want to do that. And I could appreciate that, Your Honor. I wouldn't want to be in your position. The difficulty with that rationale is simply this. Again, it flies in the face of Hines v. Shakin. In this Court's enunciation in Reichert v. National Credit Systems, which you decided just two years ago, two years after the Clark case, which expands on the concept of what is the only defense available for an FDCPA case. And that defense is bona fide error. There is nothing else. There's no issue of reasonableness. There's no issue of materiality. I think what you're seeing, Your Honor, is the pendulum is starting to swing. When the FDCPA came into effect back in 78, as I recall, it wasn't even used for a number of years. Then all of a sudden plaintiff's counsel got a hold of it, and you saw a mass of cases coming, and it started like a tidal wave from the East Coast to the West. And you started seeing new cases coming out based upon the FDCPA. And now you're seeing the pendulum swing a little bit because it was very much, all those cases were very much pro-consumer oriented. Now you're seeing it switch back. And what you're doing is you're seeing an inroad being made into the defenses that are available to the FDCPA. And that does not comply with Hines v. Shakin's, doesn't comply with the intent of the FDCPA as delineated by Congress, or this Court's decision in Riker in 2008. The only defense is bona fide error. It's not materiality. It's not reasonableness. So you would ask us to adopt a standard that says materiality is not required? Absolutely, Your Honor. That's what the other precedent requires. But assuming that we end up disagreeing and that we want to follow the Seventh Circuit and say materiality is required, then could you give us your analysis, please, as to whether this statement, the way it was characterized, is a material error? Yes, I would, Your Honor. The issue, and I believe Judge Zuko was having the same difficulty, and that is he saw that the $32.89 that was charged as interest was accurate. And there's no dispute, it's accurate. But to say, as the attorney did, and as the agent on behalf of Quirk-Elec, that the $270.79 principle, the interest on that is $32.89 based upon 12% interest, there's no consumer, sophisticated or unsophisticated whatsoever, that could calculate, if they wanted to, to determine whether or not that 12% was accurate. And that's why it is material anyway. Even if you apply the Seventh Circuit case, it's definitely material. And it's a material misrepresentation to the consumer. When that interest rate is calculated based upon 18% and 12%, and a combination of two interest rates, which are earlier predicated on whether or not there was post-assignment interest, calculated by the creditor, and interest calculated at 12% per annum by the collection agency. As Mr. Nielsen indicated in his deposition, which I included before this court and before the court below, everything was prepared by Mr. Nielsen. The only thing that the agency had to do was turn our computers on, plop the interest rate in there, and it would calculate it. And there's no consumer of any nature that would be able to discern whether or not that 12% calculation is right, because there's no formula they could use to come up with that figure. Your time is getting low, but since I took up your time, we'll give you an extra two minutes for rebuttal. Thank you very much, Your Honor. Good morning, Your Honors. Kathy, why don't you add two minutes for Mr. Krikorian, then we'll add two minutes back when the rebuttal argument is made. Good morning. I'm Chris Curley, representing Quick Collect. Your Honors have certainly seized on the nub of the issue, and that's whether we should look at the issue of whether materiality should be added to the analysis of whether a statement is false or misleading in a way such that it is likely to deceive the least sophisticated debtor. The Reichert case is important here, I think, because in Reichert, this Court, the Ninth Circuit looked to the Seventh Circuit for guidance in the way in which the Fair Debt Collection Practices Act is interpreted, and frankly, we're asking the Court to do the same thing here, to look to the Seventh Circuit for guidance on the issue of materiality. Mr. Beyer mentioned that the pendulum has started to swing across the country with regard to debt collection practices cases, and I'm not exactly sure what he meant by that, but to the extent that there's been a pendulum swing here, I think what's happening is that courts are becoming more restrictive with regard to the type of technical mistakes or errors in communications with debtors that are allowed to give rise to liability. Could I pose a question to you? Sure. I don't know if there's a pendulum swing or not, but if there is, I hope it doesn't hit us. But here's my question. Let's assume that we don't want to disagree with the Seventh Circuit and that we decide to adopt a materiality standard, which might be error, but if we do that, give me your best argument as to why this error would not be material, because here's what's of concern to me. Say I'm a consumer and I get a bill in a complaint or a demand letter, and it says the interest part, you know, principal is such and such, plus you owe interest at 12%, and I don't know much, but I know I can't complain about 12%. So I don't have a calculator in my hand. You know, what's wrong with the argument that Mr. Byer is making, saying that the consumer isn't going to be able to calculate if that figure is at 12% or not? My argument on that point, Your Honor, is that what really matters under the Act is that the amount of the debt be accurately stated. And I think the Goree case out of the district court in Hawaii teaches us that. One of the arguments that was made in the Goree case was that the communications with the debtor were false or misleading because the communications did not break down the amount of the debt into principal and interest. And the court concluded in Goree that that's not required under the Act. All that's required under the Act is that the amount of the debt be accurately stated. Now, I suppose the same argument could be made with regard to a communication that simply set forth the amount of the debt. How is a consumer supposed to know just looking at a figure of, let's say, $10,000, for the sake of discussion, the amount of the debt is identified as $10,000 in the formal demand statement that comes from the collection agency, yet the consumer has his last credit card statement in hand, and it shows that the amount of the debt was only $8,000. So there's a $2,000 charge that's being added, and I suppose arguably it could be said that the consumer is misled by the identification of the debt as being $10,000 because the poor consumer has no way of discerning whether they're being charged interest at some sort of usurious rate or whether they're being charged fees to which the debt collector is not entitled. So I suppose you could make that argument in every case where all the debt collector did was identify the amount of the debt. My position on materiality is that as long as the amount of the debt is accurately stated and as long as the debtor is not attempting to collect amounts which he or she or it are not entitled to collect, any statement made with regard to the nature of the debt is not material. Okay, thanks. That's very helpful to me. Let me just poke one other question at you here. Would you agree with me if I took this position, if I said that it doesn't matter if a statement is in a complaint or a letter, that the lawyers are involved don't matter, that it's still subject to the FDCPA if you put it in the hands of the consumer? Well, the reason I'm hesitating, Your Honor, is because, as you're aware, we did not raise this issue below whether a complaint constitutes a communication within the meaning of the FDCPA. I threw it into my brief as a footnote because I think it's something that the Court ought to consider. It's a difficult question, and I'm not sure I have a clear answer for the Court, frankly. Well, that's fair. The Jenkins case says that if a lawyer acts or regularly engages in debt collection activities, then the act applies to whatever it is that the lawyer does, and there's certainly nothing in the act that would exclude a complaint from the definition of a communication to a debtor. However, I can't help but wonder whether a complaint should give rise to liability under the act because it contains a technical error where, under the court rules with which we are all familiar, a complaint can be amended at any time before a response of pleading is filed. You don't even have to make a motion to the court. So if a complaint that contains an error, and let's just suppose the complaint does contain a material error, if it's filed on Monday and it's communicated to the debtor, somehow served on the debtor, I suppose I should say, if it's served on the debtor on Monday and the lawyer files an amended complaint the following day and fixes the material misstatement or mistake, there's still liability under the act, and the lawyer's looking at a lawsuit. So I'm not sure that that's the way that complaints ought to be construed, and I'm certainly not sure that that's what Congress had in mind when it was enacting the statute. It's a good answer. If they transcribe it and send it to your client, they won't be upset. Finally, Your Honor, let me quickly address the interplay between the position that we're taking on the need for a material mistake and the bona fide error defense. Mr. Byer's position or his argument is essentially that if you make a mistake in a communication with a debtor, it doesn't matter if it's material, immaterial, it can be a transposed account number, a misspelling of a debtor's name, it doesn't matter. There's liability, and the only refuge that the debt collector has is the bona fide error defense. And our position is that a technical mistake like a transposed account number. Well, if they spelled Donahue improperly, I don't think they'd get too far saying that's material. But the question is if they say this component of the charge is interest at 12 percent, then it's really a penalty fee plus some interest at 12 percent. You know, how does that affect what a consumer might legitimately do? If at all. Maybe it doesn't. I don't know. I don't. The Jacobson court from the district court in New York made the comment that we should be looking at these at communications with debtors in a common sense approach and not parsing a communication like a municipal bond offering. And if a person has to get out a calculator and do research in order to ascertain whether there's some sort of technical error with regard to a statement made in a communication with a debtor, I can't help but wonder whether that statement could be misleading, whether that statement would likely mislead even the least sophisticated debtor. But back to my argument with regard to the bona fide error defense, Mr. Byers' position is that if you make a technical mistake, all you have is the bona fide error defense. And our position, of course, is that there's a... Is there any circuit yet that's ever made an explicit holding that materiality will not be required? You know, that said, okay, now we've read the Seventh Circuit's case and we're aware of that argument, but we reject it. I'm not aware of it. Okay. Unless the court has further questions. No questions here. Thank you. Thank you. Okay. So, Kathy, could you add two minutes? So we're going to really put Mr. Byers through his paces. Thank you, Your Honors. You don't have to use it all up, but since I took up a lot of your time in the opening, and the case has a lot of tough issues, feel free to go ahead. I'm going to take a little of your time now. Let's assume for a minute that we say there's a mischaracterization of the debt, like a false statement, and assume we decide we think it's material, that we think somehow it might affect what a consumer would do to protect themselves. Are there any damages? Maybe damages aren't required under this act. But what's the damage to your client, assuming it's not usurious? Okay, but it's just stated incorrectly. What's the damage if the debt was correct? Taking that analysis, Your Honor, there are no actual damages other than perhaps aggravation, humiliation, et cetera, which are all recoverable. You could recover something for aggravation or distress or something like that? That's correct under the FDCPA, as well as the statutory damage under 1692K, which is up to $1,000 in an individual case. But as Your Honors may recall, this is a class action. This is a pleading that's been appearing for 14 years prepared by this attorney. So there are literally hundreds of plaintiffs out there that have a claim and would be able to recover under 1692K. If I may, Your Honor, answer your question that you have posed to counsel. The recent change of a few years ago with respect to the communication issue of the complaint, that was changed by Congress. So Congress obviously contemplates the complaint to be a communication because what they said is you no longer then have to 1692G, which is a validation notice, when you have to tell the consumer that you have 30 days to object to this and tell us what's wrong with what we've represented here, then that wouldn't apply. But Congress specifically changed the law. So that would answer, I believe, your question, that a complaint is a communication within the contemplation of Congress as well as the FDCPA. But to then go back to the argument, this isn't just a question, Your Honor, of it's accurate. The figure is accurate. It's a question of representation. When an attorney says in a complaint that this interest is calculated at 12% per annum, the consumer has to take it at face value or examine it. And when you examine it and it turns out that it's not accurate, that's a material misrepresentation, whether you use the materiality issue or not. I'm just proffering to the Court that based upon the Riker case of this Court, that it's not the materiality is not an issue at all because the only defense to an FDCPA claim is bona fide error. And the only way you could have bona fide error is if there was procedures intact and in place that were used to catch this particular mistake. Again, I've got to rave back to the 14 years of using this particular complaint, which is in the record. It's not been changed, and obviously they didn't see that. I don't think there's an argument by the defendant that they had a bona fide error, right? No, there isn't, Your Honor. They didn't make that defense. Okay, so we just have a crisp legal issue that might get both of you up to tell the Supreme Court what to do. Tell them what to do again. Your Honor, if I may, just for a moment, we didn't touch upon a usury issue. And I would proffer to the Court a solution to the case. I know that the way I framed it is we've got Idaho and Washington. Washington, which is much more pro-consumer than Idaho, as I believe, takes a more liberal view of what is a usurious contract. The solution to this is to certify, send it back, and to certify it up to the Supreme Court. Now, I will indicate to Your Honors that we do have a companion case. It's not before this Court. It's actually in the Court of Appeals for the State of Washington, Division III, where those issues are also being addressed. That case has stayed, pending your disposition in this particular case. But I would believe the solution is to resolve the problem between Washington and Idaho, interpretation of what a usurious contract is, needs to be resolved by the State Supreme Court. Did you ask in your brief, did you ask us to certify that issue? No, I did not, Your Honor, at the time. That's all right. Yeah, I didn't. That's all right. Thank you very much. Well, I think it's an excellent argument on both sides. It makes me remember why I always had a hard time winning a case I had to argue in Spokane against one of the lawyers there. You guys did a great job. Thank you both. Thank you, Your Honor. Thank you. Okay. Okay. .UV Quick Collect shall be submitted.
judges: Benitez, Gould, Tallman